Good afternoon. My name is Michael Litvinick. I represent the appellants in this matter, Western New York Law Center, and a low-income New Yorker named Bartell Miller. We are here to ameliorate the error and harm that remains from a bizarre proceeding below. The District Court below issued essentially a statewide preliminary injunction that harmed tens of thousands of low-income New Yorkers without, one, any party truly opposing it, and two, in disregard of several rules governing injunctive relief, particularly as to scope. We sought to intervene to narrow the scope of the injunction in two significant respects. Our intervention motion was denied solely on timeliness grounds. We then sought relief in this Court to modify the injunction pending appeal given the significant deficiencies in the injunction and the ongoing harm to low-income New Yorkers. Our Rule 8 motion sought two grounds for modification. That first ground is now moot because the New York Attorney General, nearly a year after we sought to intervene, successfully moved below to modify the injunction on the same ground. The second ground, which requests essentially a corrective notice process, is still ripe. That corrective notice process we are seeking includes the following. We would request that this Court order appellees to distribute the ---- But your appeal that's before this Court is of the denial of intervention, right? That's correct, Your Honor. So normally when someone asks for interim relief or emergency relief or a stay or something of that sort, it relates to the thing they are ---- the relief they are pursuing on appeal. So I could understand, although it would be sort of an odd thing, I've never seen it, a kind of interim order directing the district court to let you appear pending our resolution of whether you should be allowed to intervene. But I'm having trouble understanding how you have standing or how we have power to issue orders about the injunction on behalf of ---- at the behest of someone who is, as of this moment, not a party to the case at all. Thank you, Judge Lynch. Nonparties may appeal a judgment if they have an interest affected by the judgment. And that we believe under that authority is how we have appellate standing. And the Court has jurisdiction to resolve our motion for modifying the injunction pending appeal, despite ---- that you are objecting to. That's correct, Your Honor. And our client, Western New York Law Center, does have standing and is impacted because they counsel consumers in counties outside of the three in which the sheriffs have been explicitly ---- So you're not relying on your human being client? Mr. Miller lives in Erie County and the reason that he was part of this appeal is now moot. We can see that. Exactly, Your Honor. But our organizational plaintiff counsels consumers in Wyoming County, Schoharie, other western New York counties in which I've never set foot. But there are many. And the sheriffs in those counties continue to be inconsistently either complying with the Act, and that's the Fair Consumer Justice Interest Act, or with the preliminary injunction that was issued by the district court, and that was essentially turned into a statewide injunction despite only three parties, three sheriffs upstate being bound by it. And it was effectively turned into a statewide injunction because other people were required to be notified of the ruling? Well, Your Honor, there are two components of that we think suggest that the injunction essentially became statewide. The first was a colloquy during the preliminary injunction hearing, which we pointed this court to, and that is on pages, I believe, 38 of the transcript. And that's where the counsel for the sheriff defendants represents to Judge Vesposal below that, if any injunction issues, that all sheriffs statewide will comply with it. And there was a brief back and forth where the judge said, are you telling me that all sheriffs won't comply with it? And the lawyer said, no, they will absolutely, Your Honor. And immediately after that, counsel for appellees confirmed that they would then distribute the injunction to all 59 other non-party sheriffs across the state. The working understanding, practically speaking, was that it would apply across the state? I'm sorry, Judge? The working understanding, practically speaking, was that it was going to apply statewide? That seems to be the practical effect, and we believe that is in serious error of Rule 65 of the Federal Rules of Civil Procedure, 65D, which governs whether injunctions may bind non-parties. There were no factual findings made that the non-party sheriffs were in concert or were acting – I'm sorry, Your Honor? That they were acting in concert with the party sheriffs. And because of that, there were no grounds for the district court to essentially engage in this wink, wink, nod, nod with counsel for appellees and with the sheriffs to expand the scope of its injunction statewide. Okay. Thank you very much. Thank you. Good afternoon. Good afternoon, Your Honors. I'm Pa Naude. I represent the appellees who are the three Federal credit unions or the plaintiffs below. Your Honors, I'll start with Judge Lynch, what you had pointed out, the standing issue. And what I think is important is the actual posture of what's before Your Honors right now. So counsel is correct that they were denied intervention below. They wanted to intervene to modify the primary injunction motion. And they appealed that. That appeal is pending. And now – What is the status of that in terms of briefing? And that's the interesting thing, Your Honors. By my count, there has been no briefing schedule filed by the appellants. It's been over a year. There are no briefs before this Court on their substantive appeal. How did that happen? I don't know the answer to that, Your Honor. I believe under the local Second Circuit rules, appellants had, I believe, 40 days after filing that there's no transcript that they're going to file, which I believe they did provide notice of that. And then 40 days expired and no briefing schedule was submitted, as far as I know, by the appellants. So who should do what? On that score, Judge Garanis, I don't know. Well, you have not moved to dismiss the appeal on grounds of some sort of default. But I will be interested to hear on rebuttal why there hasn't been a move to expedite that appeal, let alone to comply with the outer limits of when a brief is due, if that's the case. Again, it seems a little odd not to be doing all of this activity at a stage when the appeal, in aid of which this motion is made, is not being pursued, apparently. And that's my confusion, Your Honor, because what's before Your Honors right now is a motion to seek the same relief that they're seeking on direct appeal. And as appellants have conceded, the substance of what they sought, which is modification of the preliminary injunction order to limit it and narrow it only to my particular clients, the three Federal credit unions, they want. They've gotten that. And now what they want is they want Your Honors to then order that. It seems to me what they're grousing about is that there hasn't been sufficient public notice of the order to other sheriffs in the State of New York. And I don't think, number one, when they haven't been even granted party status that under Federal Rule of Appellate Procedure 8, that they can even have standing to bring this motion. I see my time is up. Let me ask you some basic questions about what's going on or not going on. The district court, who is the district judge? It's Judge Ms. Koslian. All right. So why, and the appeal is pending here, why isn't the expeditious thing to do is to consolidate this matter with that appeal and make sure that that appeal goes forward as quickly as possible to a merits panel? Your Honor, that's a great question. I think that's a question for appellants. It is not my appeal. But you have no problem with any such action by us? Well, Your Honor, at this point, that appeal has been pending for over a year. And it's my suspicion that appellants are no longer pursuing it. And, frankly, I do think that we may be moving to move to dismiss that appeal given how long it's just been sitting around and they haven't moved on it. All right. Well, Judge Lynch referred to rebuttal. There is no rebuttal. Do you have a question? Well, perhaps we could ask Mr. Litwanek. Litwanek? Litwanek, Your Honor. Litwanek. What exactly is going on here? And why shouldn't we put this before a merits panel and expedite your punitive appeal? That's an excellent question, Your Honor. If I can briefly address the history. After we filed our Rule 8 motion, we did contact the clerk who advised us in order to preserve judicial resources, to not file a briefing schedule notification to let the time run it, the FROP 8 motion be resolved and run its course, at which point the merits appeal could be briefed. And that's what we have done. We think that the relief here is significant. When did you file this motion? Almost a year ago. Okay. So we are, if this Court would prefer that we expedite the appeal and consolidate it, that we are absolutely willing to do that, we would like to get this resolved as quickly as possible in order to correct the significant and serious error that the district court engaged in in fashioning injunctive relations. Would you provide in a letter to us by, it shouldn't take that long, maybe by Thursday, close of business, just outlining this history of correspondence with my clerk's office? That might be helpful. Absolutely, Your Honor. And just to get back to the point of the motion, though, Mr. Navaday says, and it strikes me this is a sensible way of looking at it, that what you're really complaining about is that although the motion, the injunction has now been narrowed to apply only to the three sheriffs, that nobody knows that? I mean, why isn't this just a question of publicizing it? Your Honor, that's not quite accurate. The injunction was narrowed to apply only to judgments held by the three Federal Credit Unions. So that's even narrower. Even the three sheriffs who are directly involved in the litigation are enjoined only with respect to judgments of these particular parties. Exactly, Your Honor. And we would not quibble with what the current scope of the injunction is. Our quibble is with how the district court ordered the imprimatur from the district judge, ordering appellees to distribute it to all 59 non-party sheriffs statewide. And what we're asking for is essentially a mirror image corrective process to undo the confusion and harm that that has caused in sheriffs across the state who are not, we concede, are not by its explicit terms bound by the injunction, may believe that they are, and may not want to risk contempt. So a new notice letting them know that they are not bound by it. Exactly. That is all we are seeking, Your Honor. But why isn't that something that the district court should be doing? We asked, after we were denied the ability to intervene, we wrote a letter to the district court. We also contacted counsel for appellees, asked, would you essentially stipulate or agree to redistribute the modified preliminary injunction to the same set of sheriffs? I don't know that they have a dog in that fight at all. Why do they care? Well, they're not, I mean, their clients are protected. You're talking about a whole range of other people who are not in the court at all, except, I guess, through you, because they've got what they wanted for their clients. Well, that's true, Your Honor, but they were the ones who originally distributed the injunction to the other 59 non-parties across the state. And so we wrote the judge, Judge Discosol, and asked her to. What keeps you from sending a letter to all of the sheriffs in the state saying, you might want to be aware of subsequent developments in the case? We could absolutely. What about the attorney general who was a party to this case? Has she taken any position on this request? They have not taken any position on our motion. We have sought to engage the attorney general to do just that and have not been successful. We are a legal services organization in Manhattan. I'm not sure what 59 sheriffs across the rest of the state of New York would do when opening a letter from us, giving them essentially legal advice as to how to comply with what we contend is a confused injunction. But, of course, the preliminary question is whether we've got jurisdiction to review an issue that you did not appeal. We concede that we are in an unorthodox procedural. Well, unorthodox, I don't know what that means. That's the issue I think that we're ultimately faced with. Your Honor, there is Second Circuit precedent under the Bloom case from 2013 as well as the Kaplan case from 1999 that in order for a non-party to appeal a judgment, they need to only state a plausible harm to its interests, including a financial injury, loss of property, et cetera. And we believe under that precedent, this Court does have jurisdiction to hear or appeal to modify the injunction on a very, very limited ground. And that's the only reason why we're still here.  Thank you.